UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHEAULEEN MASON, *et al.,*

    Plaintiffs,                                      Case No. 05-73943

v.                                                    Hon. John Corbett O'Meara

JENNIFER GRANHOLM, *et al.,*

    Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTIONS TO
CERTIFY MATTER FOR APPEAL AND
TO HOLD SCHEDULING ORDER IN ABEYANCE**

       Before the court is Defendants' motion to certify this matter for immediate appeal to the Sixth Circuit Court of Appeals and to stay all proceedings. Plaintiffs submitted a response on June 2, 2006; and Defendants filed a reply brief on June 16, 2006. Defendants also filed a motion to hold the scheduling order in abeyance on June 12, 2006, to which Plaintiffs responded on June 15, 2006. For the reasons set forth below, Defendants' motions are denied.

       Defendants seek to appeal this court's denial of their motion to dismiss Plaintiffs' complaint, pursuant to 28 U.S.C. § 1292(b). In their motion to dismiss, Defendants alleged that Plaintiffs did not sufficiently plead that they exhausted their administrative remedies before filing this litigation. The court denied Defendants' motion, finding that Plaintiffs' complaint was sufficient and that Plaintiffs raised a genuine issue of material fact regarding whether

administrative remedies were available to adjudicate their claims.[1]

To obtain permission to appeal pursuant to 28 U.S.C. § 1292(b), Defendants must show that: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." Id.

Defendants contend that all the above elements are met and that immediate appeal is proper on the issue of whether Plaintiffs adequately plead exhaustion. Not all of the plaintiffs are required to exhaust their administrative remedies, however. Six of the named plaintiffs are currently incarcerated; the remaining six had been released from prison at the time the complaint was filed. The plaintiffs who were not prisoners at the time the complaint was filed are not required to exhaust administrative remedies under the PLRA. See, e.g., Nearness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005); Ahmed v. Dragovich, 297 F.3d 201, 210 n.10 (3d Cir. 2002) (citing cases). Defendants have not presented a persuasive argument that the court must dismiss the claims of the non-prisoner Plaintiffs even if the prisoner Plaintiffs allegedly failed to adequately plead exhaustion.

If Defendants were to be successful on their interlocutory appeal, the claims of the non-prisoner Plaintiffs, who are not required to exhaust, would remain. Accordingly, the court finds

---

[1] Plaintiffs allege that female prisoners are routinely subjected to sexual harassment, offensive touching, requests for sexual acts, and degrading treatment by male guards. Plaintiffs further allege that despite prior complaints and lawsuits regarding rampant sexual abuse, Defendants have failed to take steps to remedy the situation by failing to adequately screen, train, supervise, and discipline prison staff.

that an immediate appeal would not materially advance the ultimate termination of this litigation. See Sigma Financial Corp. v. American Int'l Specialty Lines Ins. Co., 200 F. Supp. 2d 710, 724 (E.D. Mich. 2002) (Borman, J.).

    Therefore, IT IS HEREBY ORDERED that Defendants' May 30, 2006 Motion to Certify This Matter for Appeal is DENIED.

    IT IS FURTHER ORDERED that Defendants' June 12, 2006 Motion to Hold the Scheduling Order in Abeyance is DENIED. The court will, however, issue an amended scheduling order.

Dated: June 29, 2006

                                                           S/John Corbett O'Meara
                                                           John Corbett O'Meara
                                                           United States District Judge

Certificate of Service

    I hereby certify that a copy of this Order was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on June 29, 2006.

                                                           s/William J. Barkholz
                                                           Courtroom Deputy Clerk