UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHEAULEEN MASON, *et al.,*

    Plaintiffs,    Case No. 05-73943

v.    Hon. John Corbett O'Meara

JENNIFER GRANHOLM, *et al.,*

    Defendants.

_____/

## ORDER DENYING STATE DEFENDANTS' MOTION FOR STAY

Before the court is the State Defendants' motion for stay of the court's January 22, 2007 opinion and order pending appeal.[1]  Plaintiffs filed a response on February 12, 2007; Defendants submitted a reply brief on February 12, 2007.

On January 23, 2007, the court issued an opinion and order granting Plaintiffs' motion for partial summary judgment.  The court found that an amendment to Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") that excluded prisoners from civil rights protection was unconstitutional.  The State Defendants have appealed this decision and seek a stay of all proceedings pending appeal.

In support of their request for a stay, the State Defendants rely upon Fed. R. Civ. P.

---

[1] The State Defendants are Patricia Caruso, Susan Davis, Thomas DeSantis, Jennifer Granholm, Jerry Howell, Sally Langley, Rodney Madden, William Merrow, Clarice Stovall, Crosby Talley, Kirk Tollzein, Joan Yukins, and Nancy Zang.

62(c), which provides:

> **(c) Injunction Pending Appeal**.  When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . . .

Id.  In determining whether a stay should be granted pursuant to Rule 62(c), the court considers the same four factors that are traditionally considered in analyzing a motion for preliminary injunction.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991).

> These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

Michigan Coalition, 945 F.2d at 153.  The Sixth Circuit has emphasized that these "factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together."  Id.

> The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent a stay.  Simply stated, more of one excuses less of the other.  This relationship, however, is not without its limits; the movant is always required to demonstrate more than mere "possibility" of success on the merits.  For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

Id. at 153-54.

For the reasons stated in its January 23, 2007 opinion and order, the court finds that the State Defendants have not shown "serious questions going to the merits" of this appeal.  Further,

even if Defendants could show a likelihood of success on appeal, they have failed to demonstrate irreparable injury if a stay is not issued.

> In evaluating the degree of injury, it is important to remember that [t]he key word in this consideration is *irreparable*.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Michigan Coalition, 945 F.2d at 154 (citations omitted) (emphasis in original).  The court's order allows Plaintiffs' claim under the ELCRA to proceed, along with other claims set forth in Plaintiffs' complaint.  Defendants have not explained how the availability of another cause of action for Plaintiffs in this lawsuit *irreparably* harms them.  Nor have Defendants articulated the *irreparable* harm caused by the potential of future lawsuits brought by prisoners pursuant to the ELCRA.

Further, Defendants have not set forth sufficient justification for staying *all* proceedings in this case pending appeal of the ELCRA issue.  Defendants assert that it would be "a waste of judicial resources to have this case proceed along two separate tracks in two separate forums." Def. Reply Br. at 3.  Defendants have not, however, explained why Plaintiffs' other claims should not proceed pending appeal of this discrete constitutional issue.  Delaying the entire case pending appeal is not warranted.

Accordingly, IT IS HEREBY ORDERED that Defendants' January 31, 2007 motion for stay is DENIED.

s/John Corbett O'Meara  
United States District Judge

Dated: March 07, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 8, 2007, by electronic or ordinary mail.

s/William Barkholz  
Case Manager