UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATHEAULEEN MASON, *et al.,*

      Plaintiffs,                                                  Case No. 05-73943


v.                                                                          Hon. John Corbett O'Meara


JENNIFER GRANHOLM, *et al.,*

      Defendants.

_____/

### ORDER GRANTING DEFENDANT HOWELL AND DEFENDANT LANGLEY'S MOTIONS FOR SUMMARY JUDGMENT

Before the court are Defendant Howell's motion for summary judgment, filed March 30,

2007, and Defendant Langley's motion for summary judgment, filed April 23, 2007. Both

motions have been fully briefed. The court heard oral argument on August 23, 2007, and took

these matters under advisement. For the reasons set forth below, Defendants' motions are

granted.

Plaintiffs are female former or current Michigan prisoners who allege that they have been

subjected to discrimination and sexual abuse by male prison staff. According to Plaintiffs,

Defendants' failure to prevent and remedy sexual abuse has violated their constitutional rights

under the Fourth, Eighth, and Fourteenth Amendments.

**I.**     **Defendant Howell's Motion for Summary Judgment**

Defendant Jerry Howell, now retired, was the Deputy Warden of the Cassidy Lake Boot

Camp. Howell seeks summary judgment because Plaintiffs have not alleged that he engaged in

any wrongdoing. Plaintiffs allege that Howell was responsible for the implementation of rules,

policies, and procedures for the safety and protection of the women housed at Cassidy Lake.

Plaintiffs allege that Howell was in charge of investigating prisoner complaints involving sexual

misconduct from 1993 to 1997.  Thus, Plaintiffs contend, Howell had a "special awareness" of

the occurrence of sexual misconduct and the conditions that allowed it.  According to Plaintiffs,

despite this "special knowledge," Howell failed to make policy changes to enhance safety at

Cassidy Lake when he became Deputy Warden.

Plaintiffs' allegations are insufficient to survive summary judgment.  None of the

Plaintiffs in this suit were ever housed at Cassidy Lake.  Therefore, Howell's alleged failure to

implement policy changes could not have harmed Plaintiffs.  Further, Plaintiffs do not allege any

personal involvement in any constitutional violations by Howell.  See Bellamy v. Bradley, 729

F.2d 416, 421 (6th Cir. 1984) ("At a minimum, a § 1983 plaintiff must show that a supervisory

official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional

conduct of the offending subordinate.").

Plaintiffs suggest that they are aware of several women who were sexually abused while

housed at Cassidy Lake.  As the complaint is currently constructed, however, no such women are

named Plaintiffs.  Further, Plaintiffs have not connected these alleged claims to any wrongdoing

by Howell.  Accordingly, the court will grant Defendant Howell's motion.

II.     **Defendant's Langley's Motion for Summary Judgment**

Defendant Sally Langley was Warden of the Florence Crane Correctional Facility from

February 26, 1995 until her retirement on July 1, 2003.  She also had supervisory authority over

Camp Branch from August 10, 1997 until July 1, 2003.  Florence Crane housed female prisoners

until November 3, 2000; Camp Branch housed female prisoners until July 25, 2001.

Langley contends that Plaintiffs' claims against her are barred by the three-year statute of limitations. The last date any claim could have accrued against her was July 25, 2001; Plaintiffs filed this action on October 13, 2005, over four years later.

Plaintiffs contend, however, that the statute of limitations was tolled by the filing of the state case, <u>Neal v. Michigan Department of Corrections</u>, on March 27, 1996, in which Langley was named as a defendant. A class was certified in <u>Neal</u> on August 16, 1996, of all "women prisoners under the jurisdiction of the Michigan Department of Corrections, past, present and future, who during their incarceration, have been or will be subjected to sexual misconduct . . ." Plaintiff Jill Flanders is also named as a plaintiff and class representative in <u>Neal</u>. (Flanders alleges that she was sexually assaulted while at Camp Branch in July 2000).

In <u>Neal</u>, the plaintiffs alleged violations of the state civil rights act (ELCRA) and the state constitution. On February 10, 2005, the Michigan Court of Appeals ruled that an amendment to ELCRA (since found to be unconstitutional by this court) barred the <u>Neal</u> plaintiffs' claims under ELCRA. Thereafter, the <u>Neal</u> plaintiffs filed this action challenging the ELCRA amendment and seeking relief under the federal constitution.

Plaintiffs contend that the statute of limitations related to their § 1983 claims was tolled during the pendency of <u>Neal</u>. Courts look to state law to determine both the statute of limitations for § 1983 claims and whether the statute is tolled. <u>See</u> <u>Board of Regents of the Univ. of the State of New York v. Tomanio</u>, 446 U.S. 478, 483-84 (1980). Michigan's tolling statute provides that a statute of limitations is tolled "at the time the complaint is filed and . . . served" or at "the time jurisdiction over the defendant is otherwise acquired." M.C.L. 600.5856. The tolling statute applies to prior lawsuits between the parties that have not been adjudicated on the

merits. See Federal Kemper Ins. Co. v. Isaacson, 145 Mich. App. 179, 183 (1985).  In a putative class action, the statute of limitations is tolled for all class members until class certification is denied. See American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 552-53 (1974); Crown, Cork Seal Co. v. Parker, 462 U.S. 345, 350-52 (1983).

In Tomanio, the Supreme Court determined that a prior state case involving state claims did not toll the statute of limitations with respect to a subsequent § 1983 claim in federal court. The Tomanio court noted that § 1983 is a "separate and independent" claim from the remedy pursued in state court and that nothing required the plaintiff to invoke her state remedies first. Tomanio, 446 U.S. at 490-91.  The Court also noted that "[n]o section of [New York] law provides . . . that the time for filing a cause of action is tolled during the period in which a litigant pursues a related, but independent cause of action." Id., at 486.

Similarly, Michigan law does not provide that the time for filing a cause of action is tolled during the period in which a party pursues a "related, but independent cause of action." See id.; Kurzawa v. Mueller, 545 F. Supp. 1254, 1260 (E.D. Mich. 1982) ("[T]he Michigan legislature has not determined that the statute of limitations on one cause of action should be tolled while another, related, cause of action is litigated to completion."); Ziegler v. Michigan, 2000 WL 1434496 *1 (6th Cir. Sept. 18, 2000) (holding that filing of state court action did not toll statute of limitations for §1983 claim; "Because Ziegler was not required to exhaust any state court remedies, he is not entitled to toll the statute of limitations during the time any such state court action was pending.").  Accordingly, the court finds that the filing of the Neal action did not toll the statute of limitations with respect to Plaintiffs' § 1983 claims.  See also Lee v. Grand Rapids Bd. of Ed., 148 Mich. App. 364 (1986) (filing of § 1983 claim in federal court, which

denied class certification as to that claim, did not toll statute of limitations, resulting in dismissal of subsequent § 1983 brought in state court).

## **ORDER**

**IT IS HEREBY ORDERED** that Defendant Howell's March 30, 2007 motion for summary judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Langley's April 23, 2007 motion for summary judgment is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Dated:  August 31, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 31, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager
