UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATHEAULEEN MASON, *et al.,*

      Plaintiffs,
                                      Case No. 05-73943


v.
                                            Hon. John Corbett O'Meara


JENNIFER GRANHOLM, *et al.,*

      Defendants.

_____/


**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

      Before the court is Plaintiffs' motion for class certification, filed December 22, 2006.

Defendants submitted a response on January 26, 2007; Plaintiffs filed a reply brief on February

8, 2007. The court heard oral argument on August 23, 2007, and took the matter under

advisement. For the reasons stated below, Plaintiffs' motion is denied.

**BACKGROUND FACTS**

      Plaintiffs are female former or current Michigan prisoners who allege that they have been

subjected to discrimination, sexual abuse, and degrading treatment by male prison staff. In

general, Plaintiffs allege that Defendants have failed to address a culture of sexual abuse in

women's prisons and to implement procedures and policies designed to properly train, supervise,

investigate, and discipline male guards. According to Plaintiffs, Defendants' failure to prevent

and remedy sexual abuse "constitutes an official policy, custom, pattern or practice that has

deprived Plaintiffs of their constitutional right to bodily integrity and right to privacy without

due process in violation of the Fourth, Eighth and Fourteenth Amendments of the United States

Constitution and 42 U.S.C. § 1983." Pl.'s Br. at 11.  Plaintiffs seek injunctive and declaratory

relief as well as compensatory and punitive damages and attorney fees.

Plaintiffs request that the court certify a class pursuant to Fed. R. Civ. P. 23 "of all

former, current and future female prisoners under the jurisdiction of the MDOC who were

victims of sexual assaults, sexual harassment, degrading treatment, violation of their privacy and

retaliation for reporting same, and deprivation of their constitutional and statutory rights to fully

and equally utilize prison programs and facilities and who seek injunctive and remedial relief."

Pl.'s Br. at 10.  Plaintiffs estimate that the class consists of approximately 200 women.

Defendants oppose the certification of a class.

**LAW AND ANALYSIS**

In order to maintain a class action, Plaintiffs have the burden of demonstrating that the

requirements set forth in Fed. R. Civ. P. 23 are met.  See In re American Medical Sys., Inc., 75

F.3d 1069, 1078-79 (6th Cir. 1996).  The district court is endowed with broad discretion in

determining whether to certify a class.  Id.  Such discretion is limited, however, by the necessity

of undertaking a "rigorous analysis" within the framework of Rule 23. Id.

A class action may be maintained if:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a).  In addition to the above elements, Plaintiffs must show that one of the

three conditions set forth in Rule 23(b) is met.  Plaintiffs seek to have the injunctive and

declaratory relief portion of the case certified under 23(b)(2), and the damages portion certified

-2-

under 23(b)(3). These sections provide that a class may be certified if:

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b). See generally Lemon v. International Union of Operating Engineers, Local No. 139, AFL-CIO, 216 F.3d 577, 581-82 (7th Cir. 2000) (discussing options for class certification, including "divided certification," where the "district court could certify a Rule 23(b)(2) class for the portion of the case addressing equitable relief and a Rule 23(b)(3) class for the portion of the case addressing damages"); Olden v. LaFarge Corp., 383 F.3d 495 (6th Cir. 2004) (affirming grant of class certification under both 23(b)(2) and 23(b)(3)).

Because the court finds that Plaintiffs cannot meet the requirements of either Rule 23(b)(2) or 23(b)(3), it is not necessary to address whether Plaintiffs meet the requirements of Rule 23(a). As background, the court notes that Plaintiffs do not meet the standard of class certification solely under Rule 23(b)(2). In general, a class that seeks monetary relief that "predominates" over injunctive relief cannot be certified under 23(b)(2). See Coleman v. General Motors Acceptance Corp., 296 F.3d 443, 447-48 (6th Cir. 2002); Allison v. Citgo Petroleum Corp., 151 F.3d 402 (5th Cir. 1998). "[M]onetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief." Allison, 151 F.3d at 415. "By incidental, we mean damages that flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief. . . . Ideally, incidental

-3-

damages should be only those to which class members automatically would be entitled once

liability to the class (or subclass) as a whole is established." Id. (emphasis in original).

In this case, Plaintiffs are seeking injunctive and declaratory relief regarding MDOC

policies that involve the training, supervision, discipline, and investigation of prison guards.

Plaintiffs also claim that Defendants' policies fostered a pattern and practice of sexual

misconduct.  In addition, Plaintiffs seek compensatory and punitive damages for sexual abuse,

harassment, degrading treatment, loss of privacy, and retaliation.

Although Plaintiffs may prove a pattern and practice of sexual misconduct, such proof

does not establish liability or damages for the class as a whole.  Plaintiffs are not entitled to

damages automatically if a pattern and practice of sexual misconduct or a pervasive risk of harm

is proven. The damages Plaintiffs seek, therefore, are not "incidental" to the injunctive relief,

making certification solely under Rule 23(b)(2) inappropriate.

Plaintiffs have implicitly recognized this and seek a "hybrid" certification of the

injunctive relief claims under (b)(2) and the damages claims under (b)(3).  Plaintiffs suggest that

the court "bifurcate the issues of liability for the existence of a pattern and practice of sexual

misconduct from the individual damage issues and then fashion a manageable procedure for

handling the damage issue, i.e., trying one or more test or model cases, dividing the claim by

categories, 'etc.'" Pl.'s Reply at 3.

One difficulty with this approach is that Plaintiffs' damages claims do not meet the

requirements for certification pursuant to Rule 23(b)(3).  Class certification is appropriate under

(b)(3) if "the court finds that the questions of law or fact common to the members of the class

predominate over any questions affecting only individual members . . . ." Fed. R. Civ. P.

23(b)(3).  This "predominance" inquiry tests "whether the proposed classes are sufficiently

cohesive to warrant adjudication by representation." Amchem Products, Inc. v. Windsor, 521

U.S. 591, 623 (1997).  "In other words, 'the issues in the class action that are subject to

generalized proof, and thus applicable to the class as a whole, must predominate over those

issues that are subject only to individualized proof.'" Jackson v. Motel 6 Multipurpose, Inc., 130

F.3d 999, 1005 (11th Cir. 1997) (citation omitted).

     In this case, individualized issues of proof with respect to both liability and damages

predominate.  Neither liability nor damages can be determined on a group basis.  Assuming that

Plaintiffs can demonstrate that Defendants' policies and practices resulted in a pattern and

practice of sexual misconduct and retaliation, each Plaintiff will need to demonstrate that

Defendants harmed her (i.e. that she was sexually assaulted, harassed, or retaliated against) and

that she is entitled to damages. See Allison, 151 F.3d at 419-20 (affirming refusal to certify

23(b)(3) class in race discrimination case because of the "predominance of individual-specific

issues" which "detracts from the superiority of the class action device in resolving these

claims").  Plaintiffs' claims involve individualized allegations of sexual abuse or retaliation

involving different Defendants at several different MDOC facilities and involving different

supervisors.  "In these circumstances an action conducted nominally as a class action would

degenerate in practice into multiple lawsuits separately tried." Fed. R. Civ. P. 23(b)(3) (advisory

committee notes).  See also Jackson, 130 F.3d at 1005-1006 (reversing certification of (b)(3)

class where only common issue was whether defendant had a practice or policy of racial

discrimination and "most, if not all, of the plaintiffs' claims will stand or fall, not on the question

of whether Motel 6 has a practice or policy of racial discrimination, but on the resolution of . . .

highly case-specific factual issues").

The fact that Plaintiffs' damages claims are not suitable for certification pursuant to (b)(3) also militates against a partial certification of the injunctive relief claims under (b)(2). See Allison, 151 F.3d at 421 ("[W]e see no legal basis for the district court to certify a class action on the first stage of the plaintiffs' pattern or practice claim when there is no foreseeable likelihood that the claims for compensatory and punitive damages could be certified in the class action."). The court does not discern the advantage of trying Plaintiffs' pattern or practice claim as a (b)(2) class action under these circumstances, where individualized proofs with respect to both liability and damages will be required for each Plaintiff.

Further, the overlap of factual issues to be determined in the injunctive relief stage and the individual liability/damages stage may raise Seventh Amendment issues, making bifurcation inappropriate. See Allison, 151 F.3d at 422-25 ("Once the right to a jury trial attaches to a claim . . . it extends to all factual issues necessary to resolving that claim."); Bacon v. Honda of America Mfg., Inc., 205 F.R.D. 466, 488-89 (S.D. Ohio 2001) ("[T]he Seventh Amendment permits bifurcation only when [the] issues are so distinct and separable that the second jury will not be called upon to consider findings of fact by the first."). For example, it appears that Plaintiffs suggest that the first proceeding address whether Defendants' policies and practices violated Plaintiffs' constitutional rights and/or created unconstitutional prison conditions. This issue may need to be revisited as Defendants' liability to each individual Plaintiff for that Plaintiff's sexual abuse is considered in subsequent proceedings.

In sum, the court finds that class certification under Rule 23(b)(2), 23(b)(3), or a combination is not appropriate. The court is confident, however, that a manageable method for

proceeding with this case can be fashioned.

## **<u>ORDER</u>**

**IT IS HEREBY ORDERED** that Plaintiffs' December 22, 2006 motion for class

certification is **DENIED.**

**IT IS FURTHER ORDERED** that counsel for the parties shall appear before the court

on **October 3, 2007, at 10:30 a.m.** for a status conference to discuss their proposals for

proceeding with this matter, in light of this opinion and order.


<u>s/John Corbett O'Meara</u>
United States District Judge


Date:  August 31, 2007




I hereby certify that a copy of the foregoing document was served upon the parties of record on
this date, August 31, 2007, by electronic and/or ordinary mail.


<u>s/William Barkholz</u>
Case Manager