UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHEAULEEN MASON, *et al.,*

    Plaintiffs,                                                    Case No. 05-73943

v.                                                                   Hon. John Corbett O'Meara

JENNIFER GRANHOLM, *et al.,*

    Defendants.

_____/

## ORDER DENYING DEFENDANTS CARUSO, ZANG, STOVALL, MADDEN, AND TOLLZEIN'S MOTION TO TAX COSTS

Before the court is a motion to tax costs pursuant to 28 U.S.C. § 1920, filed July 1, 2008 by Defendants Patricia Caruso, Nancy Zang, Clarice Stovall, Rodney Madden, and Kirk Tollzein. For the reasons stated below, I DENY Defendants' motions to tax costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Sixth Circuit has held that Rule 54(d)(1) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986); see also Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001).

As stated in my July 2, 2008 order denying costs to defendants in this case, the court notes the general difficulty of bringing good faith sexual abuse cases to the public's attention, and specifically the difficulty faced by current and former female prisoners. It is a humiliating process wrought with fear of retribution. The court has a serious concern that taxing the costs of

these types of suits could have a chilling effect on the willingness of others to bring similar claims. As such, the presumption of an award of costs in this case is overcome by the concern that taxing these costs would deter potential victims from pursuing litigation against their attackers.

Accordingly, it is ORDERED that Defendants' motions to tax costs are DENIED.


s/John Corbett O'Meara
United States District Judge

Date: July 15, 2008


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 15, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager