UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATHEAULEEN MASON, *et al.,*

      Plaintiffs,                                Case No. 05-73943

v.                                           Hon. John Corbett O'Meara


JENNIFER GRANHOLM, *et al.,*

      Defendants.

_____/


**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Before the court are sixteen motions for summary judgment filed by Defendants.

Defendants contend that the claims of certain Plaintiffs are barred by the statute of limitations.

Plaintiffs submitted a combined response on September 5, 2008. Defendants filed a combined

reply brief on September 19, 2008. The court heard oral argument on September 24, 2008, and

granted Defendants' motions as to Kimberly Amyx, LaTrina Braxton, Darlene Greco, Lynda

Byrd, Charmaine Harris, Zetta Mallett, Brenda Phelps, Jayne Schwerin, Patricia Minner, and

Robin McCardle. The court denied Defendants' motions as to Patricia Bigbee, Debra Patino,

Diana Thomas, Tawanna Willis, Joyce VanNorman, and Heather Smith, as explained below.

**BACKGROUND FACTS**

Plaintiffs are female former and current Michigan prisoners who allege that they have

been subjected to privacy violations, sexual harassment, degrading treatment, sexual abuse, and

retaliation by male prison staff. According to Plaintiffs, Defendants' failure to prevent and

remedy sexual abuse has violated their constitutional rights under the Fourth, Eighth, and

Fourteenth Amendments. Plaintiffs filed this case on October 13, 2005, as a putative class

action; however, this court denied class certification on August 31, 2007. On September 28,

2007, Plaintiffs filed a motion to amend their complaint to add as named plaintiffs the

individuals who would have been members of the class. The court granted Plaintiffs' motion on

November 8, 2007; Plaintiffs timely filed a (second) amended complaint on November 21, 2007.

In August 2008, Defendants filed sixteen motions for summary judgment against sixteen

of the added Plaintiffs. Defendants contend that these Plaintiffs' claims are barred by the statute

of limitations. The court has already ruled that claims that arose prior to October 13, 2002, are

barred by the three-year statute of limitations. See Order dated August 31, 2007 (docket no.

239). Defendants now assert that the claims of the recently added Plaintiffs that arose before

November 21, 2004, (three years before the second amended complaint) are barred.

### LAW AND ANALYSIS

Defendants' argument rests on the theory that the newly added Plaintiffs and claims do

not "relate back" to the filing of the initial complaint. The court need not consider whether

Plaintiffs' claims "relate back," however, because the statute of limitations was tolled from the

filing of the initial complaint until class certification was denied. See Cowles v. Bank West, 476

Mich. 1, 31-32 (2006) ("Tolling . . . is conceptually distinct from relation back. . . .").

Courts look to state law to determine both the statute of limitations for § 1983 claims and

whether the statute is tolled. See Board of Regents of the Univ. of the State of New York v.

Tomanio, 446 U.S. 478, 483-84 (1980). Under Michigan law, the statute of limitations is tolled

with regard to all class members upon the filing of a complaint "asserting a class action." M.C.R.

3.501(F)(1). The statute resumes running upon "entry of an order denying certification of the action as a class action." M.C.R. 3.501(F)(2)(c). Thus, in a putative class action, the statute of limitations is tolled for all class members until class certification is denied. See Cowles, 476 Mich. at 20-21 ("[A] class action complaint tolls the period of limitations for a class member's claim that arises out of the same factual and legal nexus as long as the defendant has notice of the class member's claim and the number and generic identities of the potential plaintiffs."); see also American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 552-53 (1974); Crown, Cork Seal Co. v. Parker, 462 U.S. 345, 350-52 (1983).

Here, each of the added Plaintiffs asserts the same type of claims that were initially raised in the putative class action complaint: sexual abuse, sexual harassment, privacy violations, and retaliation. Plaintiffs claim a pattern and practice of sexual abuse, a hostile environment, and other constitutional violations that the Michigan Department of Corrections failed to remedy. The claims of the recently named Plaintiffs share a common factual and legal nexus with the claims asserted in the putative class complaint; certainly, "there can be no doubt that [Defendants] received sufficient notice of the contours of potential claims to toll the running of the statute of limitations." Cowles, 476 Mich. at 22-23 (citation omitted). Cf. Crown, Cork & Seal, 462 U.S. at 353-54 (suggesting that "different or peripheral" claims would not afford a defendant sufficient notice and should not benefit from tolling) (Powell, J., concurring).

Finding tolling in this case also consistent with the goals of class action litigation. If the court were to hold that the statute was not tolled with respect to Plaintiffs' individual claims, it would encourage future class members to intervene early in the litigation to preserve their claims, and "one of the major goals of class action litigation – to simplify litigation involving a

large number of class members with similar claims – would be defeated." <u>Cowles</u>, 476 Mich. at

26 (citation omitted). It is of no moment that the court ultimately declined to certify a class here;

Michigan law only requires the "assert[ion]" of a class action to trigger tolling. "[T]he class

members should be able to fully rely on the 'asserting' of the class action, without having to

independently determine whether the person 'asserting' it possesses standing, whether he has

brought claims that are not time-barred, or whether he has set forth every single legal argument

that could conceivably have been made." <u>Id.</u> at 26 n.10.

Because the statute of limitations was tolled for the individual Plaintiffs by the filing of

the class action complaint, these Plaintiffs' claims are barred if they arose prior to October 13,

2002 (three years prior to the filing of the initial complaint). Based upon the allegations in the

second amended complaint, several Plaintiffs' claims are time-barred, as set forth below.

### 1. **Kimberly Amyx**

Kimberly Amyx alleges that she was sexually harassed and abused while she was at

Western Wayne Correctional Facility ("WCF"). According to Defendants, Amyx was

incarcerated from October 16, 2000, to August 14, 2002. Although she has returned to prison

since, she has not returned to WCF. Since her claim arose prior to October 13, 2002, it is time

barred.

### 2. **Latrina Braxton**

Latrina Braxton was incarcerated at the Scott Correctional Facility ("SCF") from

December 12, 1997, to February 12, 1998, and from March 5, 1998, to March 29, 2002. She has

not been in prison since March 29, 2002. Her claim arose prior to October 13, 2002, and is time

barred.

### 3.    **Darlene Greco**

Darlene Greco alleges that she was sexually harassed while at Camp Branch ("CDW") and at Camp Gilman Technical Rule Violator Center ("PPV").  Greco was incarcerated at CDW from May 2, 2000, to June 22, 2000.  She was housed at PPV from August 25, 2000, to November 16, 2000, and again from January 18, 2001, to April 12, 2001.  Her claims arose prior to October 13, 2002, and are time barred.

### 4.    **Linda Byrd**

Linda Byrd alleges that she was sexually assaulted while incarcerated at WCF.  Byrd was incarcerated there from February 2, 2001, to August 6, 2002.  Accordingly, her claims arose prior to October 13, 2002, and are time barred.

### 5.    **Patricia Bigbee**

Patricia Bigbee alleges that she was sexually assaulted while at CDW and Camp Brighton.  Bigbee was incarcerated at CDW from March 23, 1999, to August 22, 2000, and from May 23, 2001, to July 25, 2001.  She was housed at Camp Brighton from July 25, 2001 to August 27, 2002, and again from April 10, 2003, to September 10, 2003.  Bigbee alleges that she was sexually assaulted beginning in 2000 and that she was retaliated against when she reported the assaults.  She claims that she was subject to abuse, privacy violations, sexual harassment, and degrading treatment at Camp Brighton until her release in 2003.  Because Bigbee alleges ongoing violations until 2003, her claims are not time barred.[1]

### 6.    **Charmaine Harris**

---

[1] Moreover, the continuing violations doctrine may apply here.  See generally Sharpe v. Cureton, 319 F.3d 259, 268-69 (6th Cir. 2003) (discussing category of continuing violations involving a "longstanding and demonstrable policy of discrimination").

Charmaine Harris alleges that in the fall of 2002 she was sexually assaulted while at the Cassidy Lake Special Alternative Incarceration Facility. Harris claims that she was subjected to sexual harassment, privacy violations, and a hostile environment until her release in August 2003. MDOC records show that Harris was at Cassidy Lake from April 26, 2002, to July 24, 2002. Harris was apparently out of prison until she returned to SCF on August 22, 2003. Harris was at various facilities until she was paroled on October 2, 2005. Because the complaint only references Harris's time at Cassidy Lake, however, it appears that her claims are time barred.

### 7.    Debra Patino

Debra Patino alleges that she was sexually assaulted while at CBI from September 2002, to January 2003. Her claims are not time barred.

### 8.    Diana Thomas

Diana Thomas was at SCF from September 18, 1998, to April 27, 2003. She claims she was sexually assaulted beginning in May 2000 and that the abuse continued until she was discharged in April 2003. Her claims are not time barred.

### 9.    Tawanna Willis

Tawanna Willis was incarcerated at WCF and alleges that she was sexually assaulted beginning in October 2003. Her claims are not time barred.

### 10.    Zetta Mallett

Zetta Mallett alleges that she was sexually assaulted while at Cassidy Lake in 2000. She also alleges that she was sexually harassed while at SCF. Mallet was at Cassidy Lake from May 18, 2000, to June 6, 2000. She was incarcerated at SCF from November 1, 2000, to November 3, 2000. She was then transferred to WCF and was there from November 3, 2000, to July 11, 2002.

She was at Camp Brighton from July 11, 2002, to October 16, 2002, when she was released on parole. Her claims arose before October 13, 2002, and are time barred.

### 11. Brenda Phelps

Brenda Phelps alleges she was sexually assaulted while at SCF. She was incarcerated at SCF from March 10, 1999, to April 15, 1999, and again from June 28, 2000, to November 10, 2000, when she was released on parole. Her claims arose before October 13, 2002, and are time barred.

### 12. Jayne Schwerin

Jayne Schwerin alleges she was sexually assaulted while at Cassidy Lake. Schwerin was at Cassidy Lake from May 24, 2002, to August 21, 2002. She also alleges that she suffered from sexual harassment, privacy violations, and degrading treatment while at SCF and WCF. She was at SCF from August 21, 2002, to August 27, 2002; she was at WCF from August 27, 2002, to November 1, 2002, when she was released on parole. Defendants assert that Schwerin's claims are not saved by tolling because the statute began to run again on August 31, 2007 (the date class certification was denied) until Plaintiffs filed their motion to amend the complaint on September 28, 2007, thus "using up" the nineteen days from October 13, 2002, to November 1, 2002, which would have otherwise been within the statute. Plaintiffs acknowledge that the statute began to run again from August 31, 2007, to September 28, 2007; accordingly, Schwerin's claims are time barred.

### 13. Joyce VanNorman

Joyce VanNorman alleges that she was retaliated against for reporting sexual assaults in October 2002. She was incarcerated after that date in 2002 and 2003. VanNorman's claims are

not clearly time barred.

### 14. <u>Heather Smith</u>

Heather Smith alleges that she was first sexually assaulted by an officer at PPV in August 2001. She was paroled from PPV on October 30, 2001, but returned to SCF on February 22, 2002. She then transferred to WCF on April 19, 2002, and was paroled on December 10, 2003. She alleges that when she reported the sexual assault in September 2001, the officer was temporarily moved and then continued to assault and abuse Smith until she was released on parole on December 10, 2003. Based upon these allegations, Smith's claims are not time barred.

### 15. <u>Patricia Minner</u>

Patricia Minner alleges she was sexually assaulted beginning in March 2000 at Woodward Corrections Center ("FDA"); she also alleges she was retaliated against until her release in "November 2002." According to MDOC records, Minner was at FDA until August 25, 2000; she then was transferred to a different facility until November 18, 2000, when she was released on parole. She did not return to prison. Accordingly, her claims are time barred.

### 16. <u>Robin McCardle</u>

Robin McCardle alleges that she was retaliated against for reporting sexual abuse. She was incarcerated at SCF from March 3, 2000, to October 5, 2000; she transferred to WCF on October 5, 2000. She was released on parole on March 23, 2001, and never returned to prison (although it appears she subsequently returned to Camp Gilman). Her claims appear to be time barred, since the complaint references only her time at SCF and WCF, not her subsequent time at Camp Gilman.

**ORDER**

Consistent with the above opinion, IT IS HEREBY ORDERED that Defendants' motions for summary judgment against the following Plaintiffs are GRANTED: Kimberly Amyx [docket no. 307], LaTrina Braxton [no. 313], Darlene Greco [no. 314], Lynda Byrd [no. 315], Charmaine Harris [no. 319], Zetta Mallett [no. 325], Brenda Phelps [no. 326], Jayne Schwerin [no. 327], Patricia Minner [no. 331], and Robin McCardle [no. 332].

IT IS FURTHER ORDERED that Defendants' motions against the following Plaintiffs are DENIED: Patricia Bigbee [docket no. 317], Debra Patino [no. 320], Diana Thomas [no. 323], Tawanna Willis [no. 324], Joyce VanNorman [no. 328], and Heather Smith [no. 329].


s/John Corbett O'Meara
United States District Judge


Date:  September 25, 2008




I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 25, 2008, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager